UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

GREAT LAKES INSURANCE SE,

Plaintiff,

CASE NO.

vs.

REYNOLDS LASSITER, and
AMI KIDS INC.,

Defendants.
_______________________________/

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW the Plaintiff, GREAT LAKES INSURANCE SE, by and through its undersigned attorneys, and for its Complaint seeking this Court's Declaratory Judgment would respectfully state as follows:

**JURISDICTION AND VENUE**

1. This is an action for declaratory relief pursuant to Title 28 of the United States Code, sec. 2201 et seq, in that a present controversy exists between the parties hereto in which the Plaintiff asks this Court to adjudicate and determine the rights of the parties to a contract of marine insurance which is in dispute.

2. Venue lies within the Southern District of Florida as this cause arises out of a policy of marine insurance delivered by Plaintiff to the Assureds named therein, the Defendant, REYNOLDS LASSITER, which contains a forum selection clause requiring that suit for a dispute arising under the policy must be filed in the United States District Court for the Southern District of Florida.

3. This is an admiralty and maritime cause within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this Court has jurisdiction pursuant to Title 28 of the United States Code, sec. 1333.

4. Plaintiff, GREAT LAKES INSURANCE SE, (hereinafter "GREAT LAKES") is a corporation organized and existing under the laws of the Federal Republic of Germany, with its office and principal place of business located in the City of Munich.

5. Upon information and belief, the Defendant REYNOLDS LASSITER (hereinafter "LASSITER") is a resident and citizen of the State of North Carolina.

6. Upon information and belief, the Defendant AMI KIDS INC., is a corporation organized and existing under the laws of the State of Florida with its office and principal place of business located in Tampa, Florida.

**FACTUAL ALLEGATIONS**

7. On or about August 17, 2020, the Defendant "LASSITER" submitted to the Plaintiff, via Defendant's Coral Gables-based agent, an application for a policy of marine insurance. Such a submission was a routine aspect of the Plaintiff's procedure for considering whether to agree to provide insurance coverage regarding a 2001 85 ft Azimut vessel named "SHMILY" which was alleged to be owned by the said Defendant.

8. A true and correct copy of the said application form completed and signed by Defendant, and submitted to Plaintiff on or about August 17, 2020 by and on behalf of the Defendant by his agent is attached hereto as Exhibit "A."

9. On or about August 13, 2020, as part of the application process which eventuated in Plaintiff's agreement to issue Policy No. CSRYP/184540, the Defendant "LASSITER" had submitted via his marine insurance broker a Letter of Survey Recommendations Compliance, a true and correct copy of which is attached hereto as Exhibit "B."

10. On the basis of and in reliance upon the material information disclosed in both of the aforesaid application for marine insurance, Exhibit "A" attached hereto, and in the Letter of Survey Recommendations Compliance, Exhibit "B" attached hereto, the Plaintiff "GREAT LAKES" in exchange for good and valuable consideration agreed to issue Policy No. CSRYP/184540 affording Hull & Machinery coverage through August 17, 2021in the amount of $815,000.00 on the vessel which was alleged to be owned by the Defendant "LASSITER."

11. A true and correct copy of the Policy Schedule and the policy language for Plaintiff's Policy No. CSRYP/184540 is attached hereto as Exhibit "C."

12. Per the clear and express terms of Exhibit "C," the referenced Policy Schedule was issued subject to a number of Additional Warranties, Terms and Conditions.

13. On or about February 8, 2021, while being operated in the vicinity of the Marco Island Channel at Marco Island, Florida, the vessel owned by the Defendant and insured under Plaintiff's policy No. CSRYP/184540 ran aground and sank.

14. Following the incident of February 8, 2021, the Defendant presented Plaintiff with a Notice of Loss and a demand for payment of the full $812,000.00 insured value of the vessel insured under Policy No. CSRYP/184540.

15. Upon receipt of notice of the loss referenced herein, Plaintiff caused an investigation to be made into the facts and circumstances surrounding the said incident. The said investigation

established that at the time of the grounding incident referenced herein, the vessel owned by the Defendant and insured under Plaintiff's Policy No. CSRYP/184540 was being operated by Michael Kutner.

16. The investigation carried out by the Plaintiff established that numerous of the recommendations set forth in the survey which was submitted at the time of the submission of the application, Ex. "A," which were noted in the Letter of Survey Recommendations Compliance, Ex. B," were not in fact completed.

17. Notwithstanding the facts established by Plaintiff's investigation, Defendant has made a claim against the Plaintiff under the terms of Policy No. CSRYP/184540 demanding payment of the full policy limits for which the vessel was insured under the terms of the said policy.

**FIRST CAUSE OF ACTION**

18. Plaintiff's Policy No. CSRYP/184540 states, in pertinent part:

> 9. General Conditions & Warranties
>
> ******
>
> x. It is warranted that the Scheduled Vessel will be operated only by covered persons. However, in the event of an incident occurring when the vessel is being operated by any person other than a covered person that may give rise to a claim under this insurance, you have a period of seven days following such an incident to submit details of the operator for retroactive approval by underwriters. Such approval not to be unreasonably withheld.

19. At the time of the grounding incident referenced herein, the vessel owned by the Defendant and insured under Plaintiff's Policy No. CSRYP/184540 was being operated by Michael

Kutner, who was not a covered person, and Defendant was therefore in breach of the express warranty set forth in Policy No. CSRYP/184540 and the policy is rendered void as a result.

20. Notwithstanding the lack of any coverage under the Plaintiff's policy of marine insurance, the Defendant has made demand upon Plaintiff for payment of the agreed value as set forth in the said policy.

21. As a result of the aforesaid lack of coverage under the terms of Plaintiff's policy of marine insurance attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's declaratory judgment regarding the coverage afforded under the terms of Policy No CSRYP/184540. Until such time as the Plaintiff is able to have its rights and responsibilities construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

22. As a result of the Defendant's demands for payment under the terms of the attached policy of marine insurance, and as a result of the lack of any coverage for the alleged disappearance or theft of the vessel under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a *bona fide* actual and present dispute exists calling for this Court's declaratory judgment.

**SECOND CAUSE OF ACTION**

23. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 7 through 17 as if set forth fully herein.

24. The Policy Schedule for Plaintiff's Policy No. CSRYP/184540 states, in pertinent part:

Additional Warranties, Terms and Conditions:

******

Warranted that all surveyors recommendations are complied with prior to operation of the Scheduled Vessel.

25. Plaintiff's post-incident investigation established that t the time of the grounding incident referenced herein, the vessel owned by the Defendant had not complied with aa survey recommendations which had been required under the terms of a survey which was submitted to Plaintiff as part of the application process, and Defendant was therefore in breach of the express warranty set forth in Policy No. CSRYP/184540 and the policy is rendered void as a result.

26. Notwithstanding the lack of any coverage under the Plaintiff's policy of marine insurance, the Defendant has made demand upon Plaintiff for payment of the agreed value as set forth in the said policy.

27. As a result of the aforesaid lack of coverage under the terms of Plaintiff's policy of marine insurance attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's declaratory judgment regarding the coverage afforded under the terms of Policy No. CSRYP/184540. Until such time as the Plaintiff is able to have its rights and responsibilities construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

28. As a result of the Defendant's demands for payment under the terms of the attached policy of marine insurance, and as a result of the lack of any coverage for the alleged disappearance or theft of the vessel under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policy of marine

insurance, and a *bona fide* actual and present dispute exists calling for this Court's declaratory judgment.

**THIRD CAUSE OF ACTION**

29. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 7 through 17 as if set forth fully herein.

30. Plaintiff's policy states, in pertinent part:

> 9. General Conditions & Warranties
>
> ******
>
> d) This insuring agreement incorporates in full your application for insurance and it constitutes the entire contract between us. At your request, various provisions of this insuring agreement may be varied by us but only by our prior written agreement.
>
> ******
>
> n) This contract is null and void in the event of non-disclosure or misrepresentation of a fact or circumstances material to our acceptance or continuance of this insurance. No action or inaction by us shall be deemed a waiver of this provision.

31. The Defendants breached the provisions of Plaintiff's policy set forth above by misrepresenting or by failing to disclose facts and/or circumstances which were material to the Plaintiff's decision to accept and/or to continue the risk of insuring the 2001 85 ft Azimut vessel named "SHMILY" alleged to have been owned by the Defendant

32. The Defendant misrepresented and/or failed to disclose the material facts with regard to work and/or repairs and/or maintenance alleged to have been completed, as referenced in the attached Letter of Compliance.

33. Had the Defendant disclosed the material facts or circumstances referenced herein, the Plaintiff would not have agreed to issue its Policy No. CSRYP/184540, or would have issued a different policy, or would have charged a higher premium for the policy.

34. The Defendant's misrepresentation or failure to disclose material facts or circumstances constitutes a breach of the duties imposed upon the Defendant by the express terms of the policy and under the applicable principles of federal maritime law.

35. Defendant's breach of the policy renders the said policy void *ab initio* and/or entitles the Plaintiff to rescind the policy.

36. Notwithstanding the lack of any coverage under the Plaintiff's policy of marine insurance, the Defendant has made demand upon Plaintiff for payment of the agreed value as set forth in the said policy.

37. As a result of the aforesaid lack of coverage under the terms of Plaintiff's policy of marine insurance attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's declaratory judgment regarding the coverage afforded under the terms of Policy No. CSRYP/184540. Until such time as the Plaintiff is able to have its rights and responsibilities construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

38. As a result of the Defendant's demands for payment under the terms of the attached policy of marine insurance, and as a result of the lack of any coverage for the alleged disappearance or theft of the vessel under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policy of marine

insurance, and a *bona fide*, actual and present dispute exists calling for this Court's declaratory judgment.

**FOURTH CAUSE OF ACTION**

39. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 7 through 17 as if set forth fully herein.

40. The Defendant "AMI KIDS, INC." is named in Plaintiff's policy of marine insurance No. CSRYP/184540 as a simple loss payee.

41. The Defendant "LASSITER" never at any time sought or requested any additional or further insurance coverage of the type that might have provided additional coverage for any party named in Plaintiff's policy of marine insurance as a simple loss payee.

42. Accordingly, as stated, the Defendant "AMI KIDS, INC." is named in Plaintiff's policy of marine insurance as a simple loss payee and the said Defendant is entitled to no additional or further coverage over or beyond that which is provided to or available to the Defendant "LASSITER."

43. Notwithstanding the fact that Plaintiff's policy of marine insurance clearly and unambiguously provides no additional or further coverage for "AMI KIDS, INC." other than as a simple loss payee, the Plaintiff reasonably and in good faith believes that the said Defendant will make demand upon Plaintiff for payment of the full agreed value of the vessel as set forth in the policy.

44. As a result of Plaintiff's aforesaid good faith belief and the lack of any additional or further coverage under the terms of Plaintiff's policy of marine insurance attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's declaratory judgment regarding coverage

afforded under the terms of Policy No. CSRYP/184540. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policies construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

45. As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

WHEREFORE, Plaintiff demands judgment from the Court:

(A) Declaring that the relationship of insurer and insured does not exist between Plaintiff and Defendant "LASSITER" as regards the incident in which the insured vessel was damaged or destroyed;

(B) Declaring that Plaintiff's Policy No. CSRYP/184450 does not afford coverage to the Defendant "AMI KIDS, INC." for the incident in which the insured vessel was damaged or destroyed;

(C) Declaring that Plaintiff's Policy No. CSRYP/184540 excludes coverage to the Defendants for the incident in which the insured vessel was damaged or destroyed;

(D)     Declaring that any coverage afforded under Plaintiff's Policy No. CSTYP/184540 is void from the inception due to Defendant's breach of the express warranties in the policy;

(E)     Declaring that Defendant's misrepresentations of and/or failure to disclose facts material to the Plaintiff's acceptance or continuance of the risk voids the Plaintiff's Policy No. OSPYP/184540 *ab initio* and allows the Plaintiff to rescind the said policy;

(F)     Declaring that the Defendant "AMI KIDS, INC." is a simple loss payee under the terms of Plaintiff's policy of marine insurance;

(G).    Any and all such other and further relief as the Court may deem proper and appropriate in the premises.

Dated:      April 15, 2021

                                    GOLDMAN & HELLMAN
                                    Attorneys for Plaintiff
                                    8751 W. Broward Boulevard, Suite 404
                                    Fort Lauderdale, Florida 33324
                                    Tel (954) 356-0460
                                    Fax (954) 832-0878


                            By:     /s/ Steven E. Goldman
                                    STEVEN E. GOLDMAN, ESQ.
                                    FLA. BAR NO. 345210